## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DINO DROP, INC., a Michigan Corporation,

      Plaintiff,

vs.

THE CHASE BAR & GRILL, L.L.C., a Michigan Corporation; BACMAR, LLC, a Michigan Corporation, MARTINEZ MANAGEMENT GROUP and, PHILIP M. MARTINEZ, TERY MARTINEZ, ADAM MASON, BRET C. KONOL and DAVE BASTIANELLI, Individually and Severally,

      Defendants.

Case No:

Hon:

_____

TIMOTHY J. JORDAN (P46098)
ROBERT D. GOLDSTEIN (P38298)
GARAN LUCOW MILLER, P.C.
Attorneys for Plaintiff
1000 Woodbridge Street
Detroit, MI 48207
(313) 446-5531

_____

### COMPLAINT AND JURY DEMAND

Plaintiff, DINO DROP, INC., a Michigan Corporation, by and through its attorneys, GARAN LUCOW MILLER, P.C., states for its Complaint:

### PARTIES

1.  Plaintiff DINO DROP, INC. ("Dino Drop") is a Michigan domestic profit corporation with its principle place of business in Ferndale, Michigan. Dino's is primarily engaged in the ownership and operation of restaurants, operating as "Dino's Lounge."

2. Defendant, THE CHASE BAR & GRILL, L.L.C. ("Chase"), is a Michigan domestic limited liability company doing business in the State of Michigan with its principle place of business in Northville, Michigan.

3. Chase's Resident Agent is Bret C. Konol with its Registered Office located at 43417 Lancelot Dr., Canton, MI 48188.

4. Defendant, BACMAR, LLC ("BacMar"), is a Michigan domestic limited liability company set to do business in the State of Michigan in participation with The Chase Bar & Grill, LLC.

5. BacMar's Resident Agent is Philip M. Martinez with its Registered Office located at 47008 Cedar Mill, Novi, MI 48374.

6. Defendant MARTINEZ MANAGEMENT GROUP ("MMG"), is, upon information and belief, a Michigan entity doing business in the State of Michigan.

7. Defendant PHILIP M. MARTINEZ, is an Individual who resides in, upon information and belief, the City of Novi, County of Oakland, State of Michigan.

8. Defendant PHILIP M. MARTINEZ is, upon information and belief, an agent of The Chase Bar & Grill, LLC, Martinez Management Group and BacMar, LLC, who resides in the City of Novi, County of Oakland, State of Michigan.

9. Defendant TERY MARTINEZ, is an Individual who resides in, upon information and belief, the City of Novi, County of Oakland, State of Michigan.

10. Defendant ADAM MASON, is an Individual who resides in, upon information and belief, the City of Novi, County of Oakland, State of Michigan.

11. Defendant BRET C. KONOL, is an Individual who resides in, upon information and

belief, the City of Canton, County of Wayne, State of Michigan.

12.     Defendant DAVE BASTIANELLI, is an Individual who resides in, upon information and belief, the County of Wayne, State of Michigan.

## JURISDICTION AND VENUE

13.     This court has jurisdiction over this action under 28 U.S.C. §§1331, 1338(B) and this court's supplemental jurisdiction over pendant state claims pursuant to 28 U.S.C. §1367.

14.     This court has jurisdiction over defendants pursuant to 28 U.S.C. §§1602, et seq., specifically §1605.

15.     Venue is proper in this court pursuant to 28 U.S.C. §1391 and §1400 as all of the relevant events giving rise to plaintiff's claims occurred in Michigan.

16.     In personam jurisdiction over all defendants is proper in this court.

## GENERAL ALLEGATIONS

17.     Plaintiff is a Michigan domestic profit corporation that owns the common law trademark and trade dress at issue.

18.     This lawsuit concerns certain proprietary common law trade dress and trademark developed and owned by Dino Drop that were specifically designed to assist, build and foster the hospitality business, in particular restaurants.

19.     The primary trademark at issue is "Dino's."

20.     In or about August of 2008 Defendant Philip Martinez approached plaintiff via its agent Dean Bach about being a 33% owner of a limited liability company that was to be named "Bac Mar, LLC" which in turn would own and operate Dino's Sports Lounge and the liquor license associated therewith in Novi, Michigan.

21. Dino Drop was to receive one third (1/3) of the ten percent gross revenues received by Philip Martinez via the Martinez Management Group for Dino Drop providing management services to Dino's Sports Lounge.

22. Dino Drop was also to receive three percent (3%) of the monthly gross proceeds as a licensing fee for use of its trademark, trade dress and menu.

23. In the days preceding the grand opening of Dino's Sports Lounge, Dean Bach spent on average ten (10) hours a day setting up all aspects of Dino's Sports Lounge.

24. On or about September 17, 2008, Dino's Sports Lounge opened for business utilizing Dino's trademarks, trade dress and Dino Drop's complete menu.

25. From September 19, 2008 through approximately November 17, 2008, Dean Bach spent on average ten hours a day, seven days a week on scene at Dino's Sports Lounge helping manage the business or working with media and local entities to promote Dino's Sports Lounge, including but not limited to appearing on Channel 2, participating in Rotary Club charity, private interviews with local newspapers and working with the Northville High School Drama Club.

26. On or about November 24, 2008, Philip Martinez, Individually and as agent of Martinez Management Group, advised Dino Drop via its agent Dean Bach, that Defendants would no longer honor the agreement wherein Dino Drop would receive one third (1/3) of the ten percent gross revenue received by the Martinez Management Group and/or allow Dino Drop to become an equity owner or receive a licensing fee of three percent (3%) of the monthly gross revenue.

27. On or about December 4, 2008, Defendant Philip Martinez, agent of Martinez Management Group and BacMar, was contacted by Dino Drop's agent regarding defendants' breach of contract and resolution of the matter through payment of an initial license fee along with a

monthly licensing fee of five percent of gross sales moving forward.

28. By December 17, 2008, it became clear that defendants would not honor their agreements with Dino Drop at which time defendants were instructed to remove all trademarks, trade dress and change its menu to avoid any confusion by the public that what was Dino's Sports Lounge is no longer affiliated with Dino's Lounge located in Ferndale, Michigan.

29. Upon information and belief, defendants continue to operate the restaurant at issue as **Dino's** Sports Grill and continue to use one or more trademarks owned by Dino Drop as well as using its trade dress and a menu identical in many ways to that owned by Dino Drop and thus confusingly similiar to the Dino's Lounge menu, including but not limited to the following examples:

**Plaintiff Dino's Lounge**:

Classic Maurice - A fresh seasonal lettuce blend with Black Forest ham, roasted turkey, hard boiled egg, vine ripe tomatoes, red onion, cheddar & Swiss cheese. Served with Hudson's style Maurice dressing.

**Defendant Dino's Sports Grill:**

Classic Maurice - A fresh seasonal lettuce blend with Black Forest ham, roasted turkey, hard boiled egg, vine ripened tomatoes, red onion, cheddar & Swiss cheese. Served with Maurice dressing.

**Plaintiff Dino's Lounge:**

Fish & Chips - Fresh North Atlantic Cod hand dipped in a tempura beer batter & deep fried to a crispy golden brown served with shoe string fries & coleslaw.

**Defendant Dino's Sports Grill:**

Fish & Chips - Fresh North Atlantic Cod hand dipped in a tempura beer batter & deep fried to a crispy golden brown served with shoe string fries & coleslaw.

**Plaintiff Dino's Lounge:**

Portobella Burger - Fresh Portobella mushroom caps toasted with red peppers, and caramelized onions. Topped with crisp spinach, melted provolone cheese, and spicy mayo, all served on an onion roll.

**Defendant Dino's Sports Grill:**

Portobella Burger - fresh Portobella mushroom caps toasted with red peppers and caramelized onions. Topped with crisp spinach, melted provolone cheese, and spicy mayo. Served on an onion roll.

**Plaintiff Dino's Lounge:**

Hot Italian Sub - Bavarian ham, Genoa salami, Sicilian pepperoni & mozzarella baked in a fresh ciabatta baguette. Topped with lettuce, slice red onion, tomatoes, & pepperoncini. served with a side of Italian dressing.

**Defendant Dino's Sports Grill:**

Hot Italian Sub - Bavarian ham, Genoa salami, Sicilian pepperoni & mozzarella baked in a fresh ciabatta baguette. Topped with lettuce, slice red onion, tomatoes, & pepperoncini. served with a side of Italian dressing.

**Plaintiff Dino's Lounge:**

Grilled Maurice - Bavarian ham, roasted turkey, cheddar & Swiss cheese, sliced red onion, lettuce & tomato. Flat grilled on polish marble rye bread & served with a side of our Hudson's Maurice dressing.

**Defendant Dino's Sports Grill:**

Grilled Maurice - Bavarian ham, roasted turkey, cheddar & Swiss cheese, sliced red onion, lettuce & tomato. Flat grilled on polish marble rye bread & served with a side of our Maurice dressing.

**Plaintiff Dino's Lounge:**

Catering - Anytime, Anywhere, Anything you want. Dino's can take care of all your catering needs. Food, Beverage, Tents, Coordinating, Etc. . .

**Defendant Dino's Sports Grill:**

Catering - Anytime, Anywhere, Anything you want. Dino's can take care of all your catering needs. Food, Beverage, Tents, Coordinating, Etc. . .

30. As a result of the conduct of defendants, Dino Drop has and will continue to suffer damages as a result of defendants' wrongful conduct.

31. Defendants have made and continue to make substantial income and/or derive benefit through its intentional and persistent violations of Dino Drop's common law trademarks and trade dress. Defendants have been unjustly enriched by their copying, use, palming off of and marketing of Dino Drop's trademarks, trade dress and menu materials.

32. Defendants have refused to discontinue their infringing activities and/or otherwise refuse to stop holding themselves out as affiliated with Dino Drop to attract customers familiar with Dino Drop's excellent reputation.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT I

## UNFAIR COMPETITION, LANHAM ACT (15 U.S.C. §1125(a))

33. Dino Drop incorporates the allegations contained in paragraphs 1-32 of its complaint as if fully set forth herein.

34. Defendants knowingly or in conjunction with goods and services used in commerce words, terms, names, symbols and/or devices and/or combinations thereof in a false or misleading way and/or falsely and misleadingly represented defendants' association or affiliation with plaintiff.

35. In making the false and/or misleading representations as noted in paragraph 34 above defendants' actions have caused confusion and/or cause a mistake and/or deceive as the affiliation, connection or association of plaintiff and defendants as to the origin, sponsorship or approval of goods or services between the parties in violation of 15 U.S.C. §1125(a).

36. Defendants' actions by way of commercial advertising and/or promotion continue to misrepresent the nature, character, quality and/or origin of defendants' goods and services as being affiliated with plaintiff in violation of 15 U.S.C. §1125(a).

37. As a result of defendants' actions, defendants are liable for such damages described and identified herein.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT II

### UNFAIR COMPETITION - COMMON LAW

38. Dino Drop incorporates the allegations contained in paragraphs 1-37 of its complaint as if fully set forth herein.

39. Defendants' conduct as described above is contrary to fair and ethical business practices and intends to mislead customers to enhance defendants' business in violation of the common law of unfair competition.

40. Defendants' unfair and unethical business practices have injured Dino Drop and will continue to injure Dino Drop.

41. Dino Drop is entitled to recover from defendants the actual damages Dino Drop has

sustained and will sustain, including lost profits. Dino Drop is also entitled to recover any gains, profits and/or advantages obtained by defendants as a result of defendants' wrongful acts as described herein. At present the amount of such damages, gains, profits and/or advantages cannot be fully ascertained by Dino Drop.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT III

## INFRINGEMENT OF COMMON LAW TRADEMARK

42. Dino Drop incorporates the allegations contained in paragraphs 1-41 of its complaint as if fully set forth herein.

43. Plaintiff utilizes the name Dino's both in regular font and in fanciful form as a common law trademark.

44. Upon information and belief, defendants continue to use the "Dino's" name, both in regular font and in script in its operations and on their menu.

45. Having violated or otherwise infringed the common law trademark of plaintiff, Dino Drop is entitled to recover from defendants those damages identified and which continue to be identified by way of gains, profits and/or advantages.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT IV

## INFRINGEMENT OF COMMON LAW TRADE DRESS

46. Dino's incorporates the allegations contained in paragraphs 1-45 of its complaint as if fully set forth herein.

47. Plaintiff Dino Drop owns and utilizes certain trade dress, including but not limited, to the name Dino's in distinctive font along with certain colors and graphics, layout and word choice in advertising and its menu.

48. Defendants continue to use aspects of Plaintiff's trade dress even after defendants breached their agreement with plaintiff, severed all ties in or about December 2008 and were instructed to cease and desist all such use.

49. Upon information and belief, Defendants continue to use the Dino's name, Dino's trademark as well as the feel and trade dress of Plaintiff Dino Drop as part of defendants' menu and other elements.

50. Having improperly utilized the trade dress of plaintiff, defendants are in violation of and have infringed common law trade dress of Dino Drop.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT V

## BREACH OF CONTRACT

51. Dino Drop incorporates the allegations contained in paragraphs 1-50 of its complaint as if fully set forth herein.

52. Defendants agreed that plaintiff would have a 33% ownership in Dino's Sports Lounge as receive one third (1/3) of the ten percent gross revenues paid through the Martinez Management Group along with a three percent (3%) monthly gross proceeds licensing fee.

53. Defendants have refused to honor these agreements and, therefore, are in breach of contract.

54. Having breached the contract, defendants owe plaintiff damages in keeping with the contract terms.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT VI

## UNJUST ENRICHMENT

55. Dino's incorporates the allegations contained in paragraphs 1-54 of its complaint as if fully set forth herein.

56. Between September 2008 and December 28, 2008, defendants operated as Dino's Sports Lounge, utilizing all of the trade dress and trademarks of plaintiff.

57. The use of these items during this time frame was with an understanding and by contract that plaintiff would be compensated for such use by way of licensing agreements and ownership interests in Dino's Sports Lounge.

58. In or about December 2008 defendants terminated all discussions with plaintiff, including but not limited to, a failure to make any payment for the service of Dean Bach and/or use of plaintiff's trademark and trade dress and menu.

59. Defendants have not paid or otherwise reimbursed plaintiff for its efforts and/or intellectual property utilized from September 2008 through December 2008 and, as a result, has enjoyed certain benefits, profits and/or advantages which have resulted in unjust enrichment.

WHEREFORE, Plaintiff Dino Drop, Inc., respectfully requests entry of judgment against Defendants as well as costs and fees together with any and such further relief as this Court deems necessary and just.

## COUNT VII

## INJUNCTIVE RELIEF

60. Dino's incorporates the allegations contained in paragraphs 1-59 of its complaint as if fully set forth herein.

61. Defendants have and continue to use the common law trademark and trade dress of plaintiff.

62. Defendants have and continue to engage in unfair competition with plaintiff.

63. Plaintiff has a strong likelihood of success on the merits.

64. If defendants are allowed to continue infringing the trademark and trade dress of plaintiff and/or otherwise engage in unfair competition, plaintiff will suffer irreparable injury should an injunction not be issued.

65. The issuance of an injunction will not cause substantial harm to defendants as they are improperly utilizing the trademarks and trade dress of plaintiff and will otherwise continue to pass themselves off as affiliated with plaintiff.

66. The public interest would be best served by issuance of an injunction, preventing defendants from continuing to engage in unfair competition and/or otherwise infringe the common

law trademarks and trade dress of plaintiff.

Plaintiff Dino Drop, Inc., respectfully requests this Court enter an order enjoining defendants from using the common law trademarks and trade dress of plaintiff or otherwise engaging in unfair competition.

WHEREFORE, Plaintiff requests judgment against defendants as follows:

A.  That defendants be found liable for unfair competition pursuant to the Lanham Act;

B.  That defendants be found liable for common law unfair competition;

C.  That defendants be found liable for infringement of common law trademark;

D.  That defendants be found liable for infringement of common law trade dress;

E.  That defendants be found liable for breach of contract;

F.  That defendants be found liable for unjust enrichment;

G.  That plaintiff be awarded injunctive relief; and

H.  That the court grant such other relief as the court deems just and equitable, including interest, costs, attorney fees and exemplary damages.

GARAN LUCOW MILLER, P.C.

s/Timothy J. Jordan
ROBERT D. GOLDSTEIN (P38298)
TIMOTHY J. JORDAN (P46098)
Attorneys for Plaintiff
1000 Woodbridge Street
Detroit, MI  48207-3192
(313) 446-5531
P46098
tjordan@garanlucow.com

Dated:  February 27, 2009

807910.1

13